IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>EARP CONCRETE CUTTING INC., an Indiana domestic for-profit corporation, and EPIC CONCRETE, LLC, an Indiana domestic limited liability company,<br><br>Defendants. | No. 1:21-cv-2365- |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP and complain against Defendants, EARP CONCRETE CUTTING, INC., and EPIC CONCRETE, LLC, as follows:

### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

    (b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

### PARTIES

2. (a) The Plaintiffs in this count MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Indiana plasterers Local 692 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, EARP CONCRETE CUTTING, INC. ("EARP") is an Indiana domestic for-profit corporation and an employer engaged in commerce.

5. EARP is an employer engaged in an industry affecting commerce with its principal place of business within this Court's jurisdiction.

6. Defendant, EPIC CONCRETE LLC ("EPIC") is and Indiana domestic limited liability company and an employer engaged in commerce.

7. Since April 6, 2020, EARP entered into successive collective bargaining agreements with the Union pursuant to which it was required to make periodic contributions to the Funds on behalf of its bargaining unit employees. (Exhibit "A")

8. By virtue of certain provisions contained in the collective bargaining agreements, EARP was bound by the Trust Agreement established the Funds.

9. Under the terms of the collective bargaining agreements and Trust Agreements to which it was bound, EARP is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs of their representatives, to submit all

necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is compliance with its obligation to contribute to the Funds.

10. Plaintiffs are advised and believe that principals of EARP created an alter ego company, Defendant, EPIC, which fails to adhere to the EARP Collective Bargaining Agreement, and fails to make contributions required to be paid by it to the Funds pursuant to the terms of the Collective Bargaining Agreements and Trust Agreements by which it is bound.

11. Defendants are liable for unpaid benefits for cement masons' employees on the EPIC payroll, because EPIC is the alter ego to EARP under applicable labor relations theory in that:

(a) Terry Earp controls(ed) the labor relations policy making of all companies;

(b) The companies share common employees, equipment, materials;

(c) The companies share common management including Terry Earp.

(d) On information and belief, the companies share common ownership, i.e. Terry Earp and his family and office location.

(e) EPIC was created to avoid the EARP Collective Bargaining Agreement.

12. By virtue of the foregoing, Plaintiffs have been damaged in an amount measured by the amount of benefits owed by EPIC for their bargaining unit employees.

13. As the alter ego of EARP, EPIC is bound to the EARP Collective Bargaining Agreement.

WHEREFORE, Plaintiffs pray for relief as follows:

A. EPIC be ordered to tender records for an audit for the period April 6, 2020 to the present.

    B.    Judgment be entered in favor of Plaintiffs and against EPIC in the amount of benefits owed but unpaid by EPIC in the amount due on the audit.

    C.    Judgment be entered against EPIC and EARP for all unpaid benefits of EPIC including payments to Plaintiffs.

## **COUNT II**

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS ("The Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Indiana Cement Masons and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    EARP CONCRETE CUTTING, INC. ("EARP") is an Indiana domestic for-profit corporation and is doing business within this Court's jurisdiction.

    (b)  EARP is an employer engaged in an industry affecting commerce.

  5.  Defendant, EPIC CONCRETE, LLC ("EPIC") is an Indiana domestic limited liability company and is doing business within this Court's jurisdiction.

    (a)  EPIC is an employer engaged in an industry affecting commerce.

  6.  Since on or before April 6, 2020, EARP has entered into successive collective bargaining agreements with the Indiana Cement Masons ("Union") pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of its tile and terrazzo employees. (Exhibit "A" agreement attached)

  7.  By virtue of certain provisions contained in the Collective Bargaining Agreements, EARP is bound by the Trust Agreement establishing the Funds.

  8.  EPIC is liable for EARP benefits owed to Plaintiffs for their bargaining unit employees, as EPIC is the successor of EARP under applicable labor relations theory in that:

    a.  Terry Earp and his family controls(ed) the labor relations policy making of all companies;

    b.  The companies are interrelated and share common operations, employees, equipment, materials and jobs in that EPIC uses the foregoing which previously and/or currently were used by EARP;

    c.  The companies share common management;

    d.  The companies share common ownership;

    e.  Terry Earp, owner of EPIC had notice of the EARP debt to Plaintiffs when EPIC was created.

9. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by EARP for their bargaining unit employees.

WHEREFORE, Plaintiffs pray for relief as follows:

A. EARP be ordered to submit to an audit for April 6, 2020 to the present.

B. Judgment be entered in favor of Plaintiffs and against EPIC in the amount of benefits owed but unpaid by EARP.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. Defendants be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

MARK MCCLESKEY, et. al.

By:   /s/ Donald D. Schwartz
      One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com